UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-40216-RGS

ELVIN CLIFFORD WATKINS

v.

UNITED STATES, OFFICER ARMY, and
ROBOTIS DIONYSSIOS, M.D.


MEMORANDUM AND ORDER ON MOTIONS
BY THE UNITED STATES and OFFICER ARMY TO DISMISS

April 28, 2011

STEARNS, D.J.

Plaintiff Elvin Clifford Watkins, a federal inmate at FMC Devens, filed this action on December 15, 2009, against Officer Todd Army, the FMC-Devens Medical Center, and Dr. Robotis Dionyssios, a physician at the University of Massachusetts Memorial Hospital, alleging claims of medical malpractice and constitutional injury.[1]

---

[1] The Northeast Regional Office for the Federal Bureau of Prisons (BOP) received Watkins' Claim for Damage, Injury, or Death, Administrative Tort Claim No. TRTNER-2009-01407, on December 17, 2008. The BOP denied Watkins' administrative tort claim on June 15, 2009. The affidavit of Cheryl Magnusson, a BOP legal assistant at the Consolidated Legal Center at FMC Devens, makes clear that Watkins failed to exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (The Prison Litigation Reform Act's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). The failure to exhaust is a sufficient ground in and of

On December 31, 2009, the Court Clerk issued summonses as to Army and Dr. Dionyssios and mailed them to Watkins, along with a copy of Massachusetts District Court Local Rule 4.1, written instructions for effecting service through the auspices of the local U.S. Marshal, and a copy of Fed. R. Civ. P. 4(i). On January 19, 2010, the court permitted Watkins to amend his Complaint to add the United States as a defendant, a prerequisite for maintaining an action under the Federal Tort Claims Act. *See Roman v. Townsend*, 224 F.3d 24, 27 n.3 (1st Cir. 2000). That same day, the Clerk issued a summons as to the United States and mailed it to Watkins, again with copies of the pertinent rules and instructions for effecting service.

On May 19, 2010, the Assistant United States Attorney sent a letter to Watkins (with a copy to the court, *see* Dkt. #11), warning him that he had not made proper service on the United States. The letter enclosed a copy of Fed. R. Civ. P. 4(i).[2] Watkins responded by filing a motion to default the United States. On July 16, 2010, the court denied the motion for default "because service on the proper parties has not been made." On August 26, 2010, the court granted Watkins sixty additional days to

---

itself justifying the dismissal of Watkins' Complaint. *See Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").

[2] In the letter, AUSA Mark Grady told Watkins that "should you believe that service has been properly completed, I am happy to further discuss the issue."

make service on defendants, and directed the Clerk to re-issue summonses as to all three defendants. The court warned Watkins that "no further extension would be entertained." On August 27, 2010, the Clerk reissued summonses as to Army, Dr. Dionyssios, and the United States, which were mailed to Watkins with U.S. Marshal 285 forms, a copy of Local Rule 4.1, instructions for effecting service through the U.S. Marshal, instructions for making service on the United States, courtesy copies of Watkins' Complaint, Watkins' "addendum" adding the United States as a party, and the court's ensuing Order.

On December 7, 2010, Watkins requested that the court provide the U.S. Marshal's Service with copies of the summonses and the Complaint, and order the U.S. Marshal to make service on the "defendants in [the] caption," save for Dr. Dionyssios. The court denied the motion. Thereafter, Army and the United States moved for dismissal based on Watkins' failure to make proper service and his failure to exhaust his administrative remedies.

## DISCUSSION

The requirements of service are jurisdictional in nature; absent service or a proper waiver by a defendant, a court cannot adjudicate the rights of the parties. *See Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) (personal jurisdiction and service of process are distinguishable, but are inextricably intertwined,

3

since service of process constitutes the vehicle by which the court obtains jurisdiction); *Mississippi Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-445 (1946). Watkins bears the burden of proving that proper service has been effected. *See United States v. Ayer*, 857 F.2d 881, 884-885 (1st Cir. 1988).

Federal Rule of Civil Procedure 4(i), which was provided to Watkins on two separate occasions, clearly sets out the requirements for service on an employee of the United States.

> Officer or Employee Sued Individually. To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i)(3). As required by the Rule, in addition to service on Army personally, Watkins was required to "deliver[] a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought . . . [and serve] by registered or certified mail . . . the Attorney General of the United States. . . ." Fed. R. Civ. P. 4(i)(1).

Watkins' pro se status does not relieve him of his "obligation to meet the procedural requirements" of the Rule. *See Lattimore v. Polaroid Corp.*, 99 F.3d 456, 464 (1st Cir. 1996), citing *United States v. Michaud*, 925 F.2d 37, 41 (1st Cir. 1991).

4

Here, Watkins failed to make service on the United States Attorney General, despite repeated admonitions of the necessity of doing so. Because the court has no jurisdiction over this case as a result of Watkins' failure to effect proper service and his failure to exhaust his administrative remedies, the motions of the United States and Officer Army to dismiss are <u>ALLOWED</u>.[3] The Clerk will enter a dismissal with prejudice and close the case.

                              SO ORDERED.

                              /s/ Richard G. Stearns

                              _____
                              UNITED STATES DISTRICT JUDGE

---

[3] Watkins had recently filed two additional motions seeking to amend his amended Complaint [Dkt. #38 and #39]. However, these motions are simply a regurgitation of his previously dismissed motion to amend [Dkt. # 26], which the court denied on December 30, 2010, because Watkins was seeking "to join a wholly unrelated cause of action involving different conduct and different defendants."